UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LONG ISLAND MINIMALLY INVASIVE
SURGERY, P.C., d/b/a NEW YORK
BARIATRIC GROUP,

                              Appellant,

v.

PHILIP DISALVIO,

                              Appellee.
-----------------------------------------------------------X

**ORDER**

No. 24-CV-06800 (PMH)

PHILIP M. HALPERN, United States District Judge:

      The above-captioned bankruptcy appeal was assigned to me for all purposes on September 9, 2024. On September 9, 2024, Appellant filed the Designation of Bankruptcy Record on Appeal (Docs. 2, 3). Although Appellant did not annex to its Notice of Appeal a copy of the order appealed from (*see* Doc. 1), nor was the order included in the Designation of Bankruptcy Record on Appeal (*see* Docs. 2, 3), it was annexed to Appellant's brief in a document entitled "Appendix on Appeal" (*see* Doc. 6-2 at 195-96); and the Court was also able to independently locate the order upon its own review of the bankruptcy court docket. The Order appealed from was entered July 31, 2024, identified as "Order Holding Creditor and Attorney in Civil Contempt for Refusing to Comply with this Court's Order; to Compel Creditor and Attorney to Comply with this Court's Order; and Request for Sanctions Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 9014 and 9020" (the "Order"). (23-bk-35055, Doc. 59). The Order states that it was issued "upon due notice to all parties, after hearing held July 30, 2024 and opposition thereto." (*Id.* at 1).

      There is no indication, however, that the transcript of the hearing held on July 30, 2024 is included in the record on appeal. The transcript is not identified in the Designation of Bankruptcy Record on Appeal or in the Appendix annexed to Appellant's brief. The Court has also

independently reviewed the bankruptcy court docket and has been unable to locate a transcript associated with this July 30, 2024 hearing.

Federal Rule of Bankruptcy Procedure 8009 requires that Appellant file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days after the notice of appeal becomes effective under FRBP 8002. Notably here, "[t]he record on appeal must include . . . any opinion, findings of fact and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." Fed. R. Bankr. P. 8009(a)(4); *see also In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. 212, 216-17 (E.D.N.Y. 2014). Failure to do so can be grounds for dismissal. *See In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005); Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground . . . for the district court . . . to act as it considers appropriate, including dismissing the appeal.").

It is not possible for the Court to resolve this appeal as it does "not have a complete record to review the bankruptcy court's findings." *In re Harris*, 464 F.3d 263, 269 (2d Cir. 2006). Appellant's failure to provide this Court with the key transcript, given that the order appealed from does not disclose the factual and legal basis of the decision, is grounds for dismissal of the appeal. However, the Court, in an exercise of its discretion, will provide Appellant an opportunity to rectify this issue and cure this defective record. *See id.* at 272.

Accordingly, Appellant shall file via ECF a copy of the transcript of the July 30, 2024 hearing no later than 5:00 p.m. on August 27, 2025. Failure to file the July 30, 2024 hearing transcript by 5:00 p.m. on August 27, 2025 will result in dismissal of this appeal under FRBP 8003(a)(2).

**SO ORDERED:**

Dated: White Plains, New York
       August 19, 2025

_____
Philip M. Halpern
United States District Judge