UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LONG ISLAND MINIMALLY INVASIVE
SURGERY P.C.,

                Appellant,

-against-

PHILIP DISALVIO,

                Appellee.

**OPINION AND ORDER**

24-CV-06800 (PMH)

PHILIP M. HALPERN, United States District Judge:

This appeal by Long Island Minimally Invasive Surgery P.C. ("Appellant") concerns an order entered by then-Chief Judge Cecelia D. Morris of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the Chapter 7 bankruptcy proceeding initiated by Philip DiSalvio ("Appellee") captioned, *In re: Philip Disalvio*, No. 23-35055 (Bankr. S.D.N.Y. 2023) (the "Bankruptcy Proceeding"). Judge Morris's order, dated July 31, 2024, found Appellant and its attorneys Sahn Ward Braff Koblez PLLC, now known as Sahn Ward Braff Coschignano PLLC ("Sahn Ward"), in civil contempt of Court for violating the Bankruptcy Court's March 20, 2024 Order. (Br. Doc. 59, "Contempt Order").[1] As a result, the Bankruptcy Court ordered sanctions to be imposed against Appellant and Sahn Ward in the amount of $750. (*Id.* at 1-2).

---

[1] Citations to "Br. Doc." refer to docket entries in the underlying bankruptcy proceeding whereas citations to "Doc." refer to docket entries in this matter. "The Court may take judicial notice of the bankruptcy docket, and documents on the docket not included in Appellant's designation of the record on appeal, including hearing transcripts." *Morillo v. Wells Fargo Bank, N.A.*, No. 19-CV-08183, 2020 WL 2539068, at *1 n.2 (S.D.N.Y. May 19, 2020) (citing Fed. R. Evid. 201).

Appellant filed its opening brief on October 10, 2024 (Doc. 6, "App. Br."),[2] and Appellee filed his opposition on October 29, 2024 (Doc. 7, "Opp. Br."). Appellant did not file a reply brief.

For the reasons set forth below, the Contempt Order is AFFIRMED.

## BACKGROUND

I.     The Bankruptcy Proceeding

On January 25, 2023, Appellee filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code. (Br. Doc. 1). On May 2, 2023, the Bankruptcy Court entered an order of discharge under 11 U.S.C. § 727, closing the Chapter 7 proceeding. (Br. Doc. 8). Subsequently, on February 28, 2024, the Bankruptcy Court granted Appellee's motion to reopen the Chapter 7 proceeding and file a motion against Appellant and Sahn Ward for their alleged violations of the discharge injunction. (*See* Br. Doc. 16). On March 20, 2024, upon briefing (*see* Br. Docs. 20-33) and a hearing on this issue (Br. Doc. 37, the "March 19, 2024 Hearing Transcript"), the Bankruptcy Court granted Appellee's motion, finding Appellant and Sahn Ward willfully violated the discharge injunction (Br. Doc. 34, "Discharge Injunction Order" at 1). The Bankruptcy Court awarded sanctions in the amount of $11,985.57 and directed that such amount be paid by Appellant and Sahn Ward to Appellee "within 30 days . . . of the entry" of the Discharge Injunction Order. (*Id.* at 2).[3]

---

[2] Appellant's brief, filed on October 10, 2024, was filed one day late, in violation of the "Notice of Record of Appeal Availability (Completion)" (Doc. 5), and Rule 8018 of the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 8018(a)(1) (providing the default rule that an appellant's brief is due "within 30 days after the docketing of notice that the record has been transmitted or is available electronically"). However, under these circumstances, and as this defect is not jurisdictional and does not require automatic dismissal of the appeal, the Court in its discretion declines to dismiss this matter on that procedural ground. *In re Residential Capital, LLC*, No. 16-CV-08549, 2016 WL 7477558, at *2 (S.D.N.Y. Dec. 28, 2016).

[3] Appellant filed a Notice of Appeal of the Discharge Injunction Order on April 17, 2024. (Br. Doc. 38). This Court, in June 2024, dismissed this initial appeal for failure to prosecute, after Appellant failed to abide by Federal Rule of Bankruptcy Procedure 8009. (*See* Br. Doc. 58). Here, Appellant spends the first six (6) pages of its brief detailing Judge Morris's "inexplicabl[e]" Discharge Injunction Order and Order denying

II.    Appellant's Failure to Comply with the Discharge Injunction Order and Instant Appeal

Appellee did not receive payment of the March 20, 2024 sanctions award by April 19, 2024, the last day of the 30-day period set forth by the Discharge Injunction Order. Accordingly, on April 23, 2024, Appellee filed a motion for civil contempt and sanctions to enforce the Discharge Injunction Order (the "Contempt Motion"). (Br. Doc. 40). Appellee requested an additional $2,934.68 in sanctions representing attorney's fees incurred by bringing the Contempt Motion. (*Id.* at 3). On May 15, 2024, Appellee filed supplemental papers in further support of the Contempt Motion. (*See* Br. Doc. 43). Therein, Appellee informed the Bankruptcy Court that while he ultimately received payment on April 23, 2024, specifically, fourteen minutes after filing the Contempt Motion, such payment was $5.00 short of the total amount owed, and was sent by mail on April 22, 2024, not April 19, 2024 (the due date per the Discharge Injunction Order). (*Id.* at 4). Appellant did not file an opposition to the Contempt Motion until June 4, 2024, approximately three weeks after the set date. (Br. Doc. 48).

The Bankruptcy Court, at a hearing on the Contempt Motion on July 30, 2024, entertained oral argument by the Appellee. (Doc. 10). Despite notice thereof entered on the Bankruptcy Docket on June 18, 2024 (*see* Br. Docs. 56, 57), counsel for Appellant did not appear at the July 30, 2024 hearing. (Doc. 10).[4]

---

Appellant's motion to extend and for leave to file an Adversary Complaint (Br. Doc. 35). (App. Br. at 1-6). Appellant even highlights the fact that it appealed such Orders, yet fails to disclose their dismissals. (*Id.*). In any event, as those Orders and issues are not on appeal, the Court disregards these portions of Appellant's Brief.

[4] On June 11, 2024, the Bankruptcy Court held an initial hearing on the Contempt Order. Appellant appeared at the June 11, 2024 hearing, but because the Discharge Injunction Order was then pending appeal, the Bankruptcy Court declined to resolve the Contempt Order at that time and adjourned the hearing pending disposition of the appeal. (*See* Br. Doc. 70).

At the conclusion of the hearing, the Bankruptcy Court issued its findings on the record, holding Appellant and Sahn Ward in contempt and awarding additional sanctions of $750 of the total $2,934.68 requested. (Doc. 10 at 5-6). The Bankruptcy Court, on July 31, 2024, issued the written Contempt Order, memorializing the bench ruling. (*See* Doc. 59). Specifically, the Contempt Order noted that "pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure 9014 and 9020," Appellant and Sahn Ward "are held in civil contempt for refusing to comply with this Court's Orders dated March 20, 2024," and Appellee would be awarded "additional attorney's fees, costs and disbursements for bringing the instant motion in the amount of $750." (*Id.* at 1-2). Appellant filed a Notice of Appeal of the Contempt Order on August 12, 2024. The Court assumes the parties' familiarity with the remainder of the underlying facts and procedural history of their dispute.

## STANDARD OF REVIEW

Where—as here—the Court exercises its appellate jurisdiction over proceedings in the United States Bankruptcy Court it:

> may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106; *see* 28 U.S.C. § 158(a); *see also In re Bernard L. Madoff Inv. Secs., LLC*, No. 15-CV-01151, 2016 WL 183492, at *8 n.14 (S.D.N.Y. Jan. 14, 2016), *aff'd sub nom. Matter of Bernard L. Madoff Inv. Secs., LLC*, 697 F. App'x 708 (2d Cir. 2017).

When reviewing a bankruptcy court's contempt order, this Court "may set aside the order only for abuse of discretion, but such review is more exacting than under the ordinary abuse-of-discretion standard because a bankruptcy court's contempt power is narrowly circumscribed." *In*

*re DiBattista*, 615 B.R. 31, 38 (S.D.N.Y. 2020) (citing *In re Blair Ventures, LLC*, 581 B.R. 728, 732 (S.D.N.Y. 2017)). This standard allows this Court to disturb the bankruptcy court's order only when the bankruptcy court "(1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 627 (2d Cir. 2018) (internal quotation marks omitted). It is important to note, however, that "[t]he bankruptcy court is better situated than the [reviewing court] to marshal the pertinent facts and apply the fact-dependent legal standard that informs its determination as to whether [civil contempt] sanctions are warranted." *In re Mosdos Chofetz Chaim Inc.*, No. 22-CV-03371, 2023 WL 2707331, at *5 (S.D.N.Y. Mar. 30, 2023). "A district court 'may affirm [the bankruptcy court's decision] on any ground that finds support in the record, and need not limit its review to the bases relied upon in the decision[] below.'" *In re Ampal-Am. Israel Corp.*, 554 B.R. 604, 617 (S.D.N.Y. 2016) (quoting *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010)), *aff'd*, 691 F. App'x 12 (2d Cir. 2017). Further, under the "abuse of discretion" standard, reversal is warranted only where the reviewing court has a "definite and firm conviction" that the court below committed a clear error of judgment. *In re Mosdos Chofetz Chaim Inc.*, 2023 WL 2707331, at * 5. "That said, the district court may not consider evidence outside the record below." *In re Ampal-Am. Israel Corp.*, 554 B.R. at 617.

## **ANALYSIS**

Appellant designates the following issue on appeal: "Did Judge Morris err by granting debtor's Motion for Contempt where there was absolutely no evidence presented that the Creditor or its counsel intended to or did willfully or intentionally defy any order of the Court?" (Doc. 3).

Appellant, in support, argues that the Contempt Order should be reversed and vacated because the Bankruptcy Court "ignored the facts on the record before it when rendering its decision and consequently failed to apply the correct legal standard," as Appellant and Sahn Ward "did, in fact, comply with the order of the bankruptcy court." (App. Br. at 13-14). The Court disagrees.

The facts before the Bankruptcy Court were that the Discharge Injunction Order required payment of $11,985.57 by April 19, 2024 (*see* Discharge Injunction Order at 2), and that the full payment amount was not paid to Appellee by Appellant and Sahn Ward until on or about June 6, 2024, when Appellee received the missing $5.00 from Appellant (*see* Doc. 10 at 4-5; *see also* Br. Doc. 48, "App. Bankruptcy Opp.," at 2-3).[5] Appellee's position, during the Bankruptcy Proceeding and on this appeal, is that the Contempt Motion was necessary to compel Appellant's full compliance with the Discharge Injunction Order. (Opp. Br. at 10). Judge Morris acknowledged this during the July 30, 2024 hearing, at which Appellant failed to appear. (*Id.* at 5:18-23 ("The Court: . . . Very good. Mr. Bauer [Appellee's counsel], so you have received everything in that case. Mr. Bauer: Yes, Your Honor. But the motion was needed in order to get the creditor to comply completely. The Court: With $5, correct? Mr. Bauer: With $5.")). Accordingly, it cannot be said that the Bankruptcy Court's holding of Appellant and Sahn Ward in civil contempt of the Discharge Injunction Order was improper under the facts or law, and it certainly was not an abuse of discretion.

The Court turns next to Appellant's argument that evidence of willfulness is required for a finding of civil contempt. (App. Br. at 11-14). As an initial matter, this argument is waived as

---

[5] As Appellee notes both on appeal and during the Bankruptcy Proceeding, Appellant's opposition to the Contempt Motion was not filed until June 4, 2024, approximately three (3) weeks after the required due date. (*See generally* App. Bankruptcy Opp.; *see also* Doc. 10 at 5:23-25, 6:1-2; Opp. Br. at 6, 11). This fact, coupled with both Appellant's counsel's failure to appear at the July 30, 2024 hearing and failure to acknowledge the existence of such hearing in her brief, belie Appellant's claims of inadvertence and overall compliance.

Appellant did not raise it in her late-filed opposition at the Bankruptcy Proceeding.[6] *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2006) ("The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below . . . waiver will bar raising the issue on appeal."). Assuming, *arguendo*, that Appellant's willfulness argument was not waived, Appellant misstates the applicable legal standard.[7]

Generally, for a party to be held in civil contempt, the movant must demonstrate that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *In re Blair Ventures, LLC*, 518 B.R. at 732. However, "[i]t need not be established that the violation was willful." *Id.* In fact, the Second Circuit has held where "defendants admit noncompliance . . . [i]t is not necessary to show that the noncompliance was willful." *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 59 (2d Cir. 1984). Here, despite Appellant's claims to the contrary, Appellant has previously admitted noncompliance with the Discharge

---

[6] In fact, Appellant failed to cite to a single case in the late-filed "Affirmation in Opposition." (*See generally* App. Bankruptcy Opp.). Similarly, Appellant also failed to raise any arguments in the Bankruptcy Proceeding (or in fact, in the Appellate Brief) concerning the imposition of sanctions in the form of attorneys' fees, or the reasonableness thereof. (*See id.*). Accordingly, any such argument raised herein is waived as well. *See Paese*, 449 F.3d at 446. In any event, as "[t]he bankruptcy court is better situated than the [reviewing court] to marshal the pertinent facts and apply the fact-dependent legal standard that informs its determination as to whether sanctions are warranted," the Court declines to disturb Judge Morris's imposition of $750 against Appellant and Sahn Ward. Judge Morris declined to award the full amount of fees requested by Appellee, instead awarding less than a third of the total accrued, despite Appellant's counsel's failure to appear at the July 30, 2024 hearing. (*See* Doc. 10 at 6:3-11). Such a finding is not "clearly erroneous" and is plainly "located within the range of permissible decisions." *In re Mosdos Chofetz Chaim Inc.*, 2023 WL 2707331, at * 5; *Klipsch Grp., Inc.*, 880 F.3d at 627.

[7] As noted above, Appellant's counsel did not appear at the July 30, 2024 hearing, leaving the Bankruptcy Court to consider only the late-filed opposition and comments made by Appellant's counsel during the initial June 11, 2024 hearing. During that June 11th hearing, Appellant stated, without supporting case law, that "[t]here has been no willful non-compliance with this Court's Order." (Br. Doc. 70). Thus, the Court considers that argument to the extent counsel's comment on June 11th could be considered to have preserved the record for appeal.

Injunction Order. (*See, e.g.*, Br. Doc. 48 at 5; Appellant Bankruptcy Opp. at 2-3). Accordingly, in light of the above and considering both Appellant's failure to attend the July 30, 2024 hearing, as well as the substance of the underlying papers considered by Judge Morris (including Appellant's late-filed "Affirmation in Opposition"), the Bankruptcy Court's issuance of the Contempt Order cannot be said to be an "abuse of discretion."

Because the Bankruptcy Court did not abuse its discretion in holding that Appellant and Sahn Ward failed to comply with the Discharge Injunction Order, and as Appellant's argument as to willfulness is waived and nevertheless fails on the merits, the Contempt Order is affirmed.

## CONCLUSION

For the foregoing reasons, the Contempt Order at Br. Doc. 59 is AFFIRMED.

The Clerk of the Court is respectfully directed to terminate this case.

**SO ORDERED:**

Dated:  White Plains, New York
        September 5, 2025

_____
PHILIP M. HALPERN
United States District Judge